Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7286 | **DATE** | 12/3/2012 |
| **CASE TITLE** | Chenier vs. Hoopes et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to transfer the case [18] is granted. Defendants' motions to dismiss [9, 15, 16] are stricken without prejudice. This case is transferred forthwith to the United States District Court for the Southern District of Iowa pursuant to 28 U.S.C. § 1406(a). Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

In this case, Plaintiff Nicholas Chenier asserts claims of battery, premises liability and negligent employment against defendants James Hoopes, B&J Management and The Pi Kappa Alpha Corporation. The claims arise out of an alleged assault by Hoopes that took place at the Pi Kappa Alpha fraternity house at Drake University in Des Moines, Iowa. Defendant The Pi Kappa Alpha Corporation moved to dismiss the case on October 10, 2012, pursuant to Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction); Fed. R. Civ. P. 12(b)(3) (improper venue); and Fed. R. Civ. P. 12(b)(6) (failure to state a claim). [9] This Court ordered Plaintiff to respond to the motion to dismiss by October 31, 2012. [11] Defendants Hoopes and B&J Management subsequently joined in the first motion to dismiss and filed dismissal motions of their own. [15, 16] Given these additional filings, this Court extended the time for Plaintiff to respond to all of the Defendants' motions through November 13, 2012. [16] Despite this order, however, Plaintiff failed to file its opposition to any of the motions or seek an extension of time to do so. Instead, Plaintiff now moves this Court to transfer the case to the Southern District of Iowa [18], a course of action that is opposed by Defendant the Pi Kappa Alpha Corporation, which contends that the matter should be dismissed, not transferred. [21]

With respect to motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(3), the plaintiff has the burden of making a *prima facie* showing that venue is indeed proper. See *Int'l Travelers Cheque Co. v. BankAmerica Corp.*, 660 F.2d 215, 222 (7th Cir. 1981); *Sanderson v. Spectrum Labs, Inc.*, No. 00-1872, 2000 WL 1909678, at *3 (7th Cir. Dec. 29, 2000). Courts must take allegations in the complaint as true when deciding a Rule 12(b)(3) motion, unless allegations are contradicted by affidavit, must draw all reasonable inferences in favor of the plaintiff, *see Nagel v. ADM Investor Servs., Inc.*, 995 F. Supp. 837, 843 (N.D. Ill. 1998), and must decide any factual disputes in the plaintiff's favor. *See Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983). If a Court finds that venue is improper, it has the option of dismissing the case in its entirety, or, "in the interest of justice," transferring the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

| STATEMENT |
|---|

    28 U.S.C. § 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Thus, in order to determine whether venue is proper in this district, this Court must examine the citizenship of each defendant and determine where the events giving rise to this personal injury action took place. Here, the defendants are residents of different states, and thus, subsection (1) is inapplicable. Moreover, it is clearly alleged in the complaint that the assault giving rise to this lawsuit took place on the campus of Drake University in Des Moines, Iowa, which means that the proper venue under subsection (2) would be the United States District Court for the Southern District of Iowa (the district encompassing Des Moines).

Because venue is proper in the Southern District of Iowa pursuant to § 1391(b)(2), subsection 3 is inapplicable, as this provision only merits consideration "*if there is no district in which an action may otherwise be brought*." (Emphasis supplied.) Therefore, this Court finds that this case is appropriate for dismissal pursuant to Fed. R. Civ. P. 12(b)(3). However, because the statutes of limitations governing Chenier's personal injury and negligence claims have run since the time that this case was filed, this Court further finds that Chenier would suffer prejudice if this Court were to dismiss this action outright. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-66 (1962). Given this fact, as well as the fact that there is no indication that Chenier, an Illinois resident, intentionally filed suit in an improper forum for an improper purpose, this Court grants Chenier's motion to transfer this case [19] pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Southern District of Iowa.